Gubilla *v.* Hazle Brook Coal Company, Appellant.

Argued March 4, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*P. B. Roads,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., April 16, 1936:

This case arose from the filing of a claim petition alleging the loss of an eye.

The referee found that on September 17, 1930, while the claimant was drilling with a jack hammer in the mine of defendant, particles of coal flew into his right eye, which his "buddy" endeavored to remove with his handkerchief; that he resumed work and shortly thereafter sustained an injury to his left leg by the fall of a piece of coal, which compelled him to cease work about 11 a. m. Both occurrences were reported to his boss, who gave him a note to Dr. Bryson, the company's physician, which referred to his injured leg only, and at the same time informed the claimant that his injured eye would be all right the next day. He received treatment for his leg from Dr. Bryson and resumed work four days later, but his eye continued to pain him and became progressively worse. On August 11, 1931, Dr. Bacon examined the claimant and found his eyeball greatly shrunken, with a complete blindness in his right eye—the result of a corneal ulcer arising from abrasions of the cornea due to an eye injury.

There was testimony offered by the defendant that the claimant was not using a jack hammer, but was loading rock with a pick and shovel, and that he did not give notice to his boss that his eye had been injured. Dr. Bryson also denied a statement of the claimant that he had complained to him of injury to his eye and that he had treated it. Reference was made at the hearing to services rendered the injured eye several weeks after the injury by Dr. Monahan, but he was

not called as a witness. On appeal to the board, the record was remanded to the referee to take the testimony of Dr. Monahan and to develop further the history of the eye injury. A second hearing was had and Dr. Monahan testified that when he treated the claimant the latter part of September, 1930, he found an ulcer in his eye and that the patient visited him professionally two or three times thereafter. Further testimony was taken in regard to the manner in which the accident happened and that prior thereto the claimant's eye gave him no trouble. Upon appeal, the board found "an irreconcilable conflict of evidence, in which the ultimate findings must rest in large measure upon an appraisal of the credibility of the witnesses. In the interests of substantial justice we have concluded to authorize a rehearing before Referee John R. Keefer, who shall specially preside in this district for this purpose, all evidence of record to be at his disposal, with instructions to hear the several witnesses who may be brought before him, and to determine the weight thereof by whatever disposition of the claim may, in his judgment, be warranted by the whole of the evidence."

The record was remitted for further hearing and determination. In pursuance of that order, a hearing was fixed for July 26, 1934, at which time counsel for claimant stated he had no additional testimony or any witnesses to recall, and the defendant declared that he would stand on the record. The new referee made an award for the permanent loss of the vision of the right eye. The board sustained the award, and an appeal was taken to the court of common pleas. The lower court, in the course of his opinion, well said: "[Claimant's] recovery in this case could not be defeated by the mere fact that he did not offer further evidence at a rehearing ordered by the Board because it found difficulty in appraising the credibility of the witnesses at

former hearings and because there was 'irreconcilable conflict of evidence.' The claimant had produced all the testimony which he had at the former hearings and could not produce anything further. Must he, therefore, be defeated solely because the fact finding body has difficulty in determining which side is to be believed? If the testimony is inconsistent and irreconcilable, the task of drawing the inferences of fact may be difficult, but the duty, under such circumstances, still rested with the Board and the conclusions must be drawn by it from all the evidence."

A review of the record convinces us that the claimant successfully assumed the burden of proving his claim by sufficient competent evidence.

Judgment affirmed.